**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MARKLYN MUNLEY, et al,

Plaintiff,

vs.

WASHOE COUNTY, et al,

Defendants.

_______________________________________/

Case No. 3:26-cv-00235-MMD-CSD

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page, file, or other otherwise set forth herein) any document, recording, file, and/ or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document, recording, file, and/ or response consists of more than one page or file, the first page and each page on which confidential information appears shall be so designated. Protected Health Information ("PHI") of any party or non-party produced, disclosed, obtained, or exchanged in this case shall be deemed Confidential Information without the need to mark or designate the PHI as confidential. PHI means protected health information as defined by HIPAA and its implementing regulations, including individually identifiable health information in any medium that is obtained or produced in connection with this action. The PHI Confidential Information means PHI and any document, exhibit, transcript,

report, summary, extract, database, image, recording, or other material that contains, reproduces, quotes, summarizes, or otherwise reflects PHI. Nothing in this Order relieves any covered entity under HIPAA of its independent obligations under applicable law.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents, recording, and/or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. Information, recordings, documents or other things which are produced or disclosed by electronic means may be designated “confidential” by so indicating in writing as described in section 2, above. The parties shall have thirty (30) days from the date this Protective Order is entered to designate such information, documents or things which were produced prior to the entry of this Order.

//

//

//

4. All documents, recordings, and/or other Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel who need access to the information;

(c) individual defendants, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by Washoe County, the party shall notify the opposing party, or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential

Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 677-78 (9th Cir. 2010).

8. A party may designate as "Confidential" documents, recordings, information, or discovery materials produced by a non-party by providing written notice to all parties of the relevant document and/or recording numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-

five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document, recording, and/or information is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents, recordings, information, and/or discovery materials shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:
    (a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or
    (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or
    (c) the Court rules the material is not confidential.

11. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. This Order is intended to be, and shall be construed as, a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v). Nothing in this

Order authorizes discovery beyond that otherwise permitted by the governing procedural rules, a valid subpoena, a court order, or other applicable law.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 11th day of August, 2026.

VILORIA, OLIPHANT, OSTER & AMAN L.L.P.

By: /s/ Shawn Oliphant
R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
Thomas E. Viloria, Esq.
Nevada Bar No. 3833
P.O. Box 62
Reno, Nevada 89504
Tel: (775) 284-8888
Email: shawn@reno.law

*Attorneys for Plaintiffs*

DATED this 11th day of August, 2026.

WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE

By: /s/ Lindsay Liddell
Lindsay L. Liddell, Esq.
Deputy District Attorney
Nevada Bar No. 14079
One South Sierra Street
Reno, Nevada 89501
Tel: (775) 337-5700
Email: lliddell@da.washoecounty.gov

*Attorneys for Defendants Washoe County, Sheriff Darin A. Balaam, and Deputy Adam D. Morrill*

DATED this 11th day of August, 2026.

BLACKSTONE TRIAL GROUP

By: /s/ Phillip Silvestri
Phillip Silvestri, Esq.
Nevada Bar No. 11276
1980 Festival Center Dr., Ste. 300
Las Vegas, Nevada 89135
Tel: (659) 241-4624
Email: phillip.silvestri@blackstonetrial.com

*Attorneys for Defendant NaphCare Nevada, LLC*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: September 22, 2026

Paragraph 11 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____________, in ______________________________________________, Civil No.__________________________. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information- including copies, notes or other transcriptions made therefrom - to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: __________________________

EXHIBIT A